^CLARENCE E. McMANUS, Judge.
STATEMENT OF THE CASE
Bernadine Nowak Van Kuren executed an olographic will on September 26, 1980. Van Kuren named her siblings as the residual legatees who were to each receive a one fourth interest in the residual estate. Those siblings listed in the will are Bernard Nowak, William R. Torres, Jr., Florentine Torres Bourg and Shirley Crusta LeBlanc. Thereafter, on November 16, 1990, Van Kuren prepared a hand written codicil to the will, which was invalid because it was not signed by her.
On October 21, 1996, Van Kuren hired Kenneth W. Andrieu to prepare a codicil to her September 26, 1980 will. Andrieu was an attorney and notary employed by the law firm of Donovan & Lawler, L.L.C. Andrieu prepared the codicil and on October 21, 1996, Van Kuren signed the one page document, which removed her brothers, Bernard Nowak and William Robert Torres, Jr. as residual legatees of her estate, leaving only her sisters, Florentine Bourg and Shirley LeBlanc as residual legatees. The codicil also listed Rita and Edward Campbell as particular legatees to receive $5,000.00. Andrieu notarized the signature of Van Kuren, however, the signature was not witnessed by two witnesses, nor was there an attestation clause included.
*1047 |sVan Kuren died on December 20, 2000. One sister, Florentine Bourg predeceased her leaving four heirs to her estate, C.E. Bourg, William Bourg, Steven R. Bourg and Gail B. Parker. On January 29, 2001, Shirley LeBlanc, who was appointed executor of Van Kuren’s estate by the 1980 will, went to attorney Christopher Lawler of Donovan & Lawler, L.L.C. and requested that the succession be opened. At that time, LeBlanc gave Lawler all wills and codicils left by Van Kuren. On August 21, 2001, Lawler informed LeBlanc of a possible defect in the form of the codicil because there were no witnesses to the signature nor an attestation clause. Lawler informed LeBlanc that if the codicil was found to be invalid, she and Florentine Bourg’s heirs would receive less because her brothers, Bernard Nowak and William Torres, Jr. would still be entitled to a portion of the residual estate in accordance with the 1980 will. In addition, Rita Campbell would receive no portion of the estate because she was not listed in the 1980 will.
Lawler attempted to reach an agreement with Bernard Nowak and William Torres, Jr. but they refused to relinquish their inheritance rights. Lawler then transferred the file to the law firm of Syracuse and Traverse who opened the succession and continue to represent the estate. On June 26, 2002, Lawler sent a letter to LeBlanc notifying her that if the codicil prepared by Andrieu was declared invalid, she and the other heirs would have to file suit against Donovan & Lawler, L.L.C. on or before August 21, 2002 for damages they would suffer as a result of the negligence of their employee, Andrieu.
On August 14, 2002, LeBlanc, Florentine Bourg’s heirs and Rita Campbell filed suit against Andrieu, Lawler, Donovan & Lawler, L.L.C. and Westport Insurance Corporation, Donovan & Lawler’s malpractice insurer. The plaintiffs allege that Andrieu negligently drafted and notarized the codicil. The plaintiffs also allege that Lawler failed to advise LeBlanc, the executor of the estate, of the |4need to file a lawsuit against Andrieu within one year of the date she first presented the will and codicil for his review, which was January 29, 2001.
Andrieu, Lawler, Donovan & Lawler, L.L.C. and Westport Insurance Company filed a Peremptory Exception of No Cause of Action on September 24, 2002. They argued that the plaintiffs’ claims were per-empted, pursuant to LSA R.S. 9:5605, because three years from the date of the alleged error had passed. They contended that the allegedly defective codicil was prepared on October 21, 1996, therefore, any suit for legal malpractice filed after October 21,1999 would be time barred.
On December 18, 2002, the trial court held a hearing and orally granted the exception. A written judgment granting the exception and dismissing the plaintiffs’ claims with prejudice was signed by the trial court on December 30, 2002. The plaintiffs now appeal arguing that the trial court erred as a matter of law when it granted the peremptory exception of no cause of action and dismissed the plaintiffs’ claims with prejudice.
For the reasons which follow, we agree with the trial court and affirm the judgment granting defendants’ exception of no cause of action and dismissing plaintiffs’ claims with prejudice.
DISCUSSION
The plaintiffs only appeal the portion of the judgment which dismissed their claims with regard to the alleged negligence of Kenneth Andrieu. They argue that An-drieu was acting in the capacity of a notary at the time he negligently drafted and executed the codicil. They further argue that the time period for filing a claim *1048 against a notary public is governed by La. C.C. art. 3492, which provides a liberative prescription of one year from the date the plaintiffs become aware of the tort and resulting damages. They argue that LSA R.S. 9:5605 applies to legal malpractice claims and does not apply to their claim against Andrieu.
| sIn opposition, defendants argue that Andrieu was an employee of the law firm of Donovan & Lawler, L.L.C. and was employed as an attorney at the time he was retained by the plaintiffs. They argue that he drafted the codicil in his capacity as an attorney and then notarized Van Kuren’s signature. Defendants contend that an attorney who performs legal services and notarial services at the same time is entitled to assert the preemptive time bar in LSA R.S. 9:5605. Defendants also argue that there is no merit to the plaintiffs’ allegations that Andrieu was only acting in his capacity as a notary because according to LSA R.S. 35:2 a notary public may only “receive wills”, which would not include the drafting of the codicil. Finally, defendants argue that LSA R.S. 9:5605 should apply to Andrieu even as a notary since he would likely not be a notary if not for being an attorney and being exempt from the exam.
First, we find that Andrieu was acting in the capacity as an attorney when he allegedly negligently drafted the codicil to the will. He was employed as an attorney and Van Kuren retained his services for the purpose of drafting the codicil. We cannot ignore the fact that Andrieu was an attorney and worked for a law firm when he was hired to draft the codicil. The fact that he was also a notary and capable of notarizing Van Kuren’s signature does not exclude him from the possibility of a legal malpractice claim.
Next, we find that LSA R.S. 9:5605 applies to the plaintiffs’ claims and, therefore, the claims are perempted. LSA R.S. 9:5605 provides:
A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; | ^however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. However, with respect to any alleged act, omission, or neglect occurring prior to September 7, 1990, actions must, in all events, be filed in a court of competent jurisdiction and proper venue on or before September 7, 1993, without regard to the date of discovery of the alleged act, omission, or neglect. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article Si58 and, in accordance with Civil Code Article 34.61, may not be renounced, interrupted, or suspended.
*1049 C. Notwithstanding any other law to the contrary, in all actions brought in this state against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional law corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, the prescriptive and per-emptive period shall be governed exclusively by this Section.
[[Image here]]
The alleged act of negligence by Andrieu occurred on October 26, 1996, the date the codicil was executed. The plaintiffs discovered the alleged negligent act on August 21, 2001, when Lawler informed Le-Blanc of the possible defect in the codicil. The plaintiffs filed their petition on August 14, 2002. The petition was filed within one year of the date of discovery of the alleged act of negligence. However, the petition was not filed within three years of the date of the alleged act of negligence. Therefore, according to LSA R.S. 9:5605, the plaintiffs’ claims are perempted.
In accordance with the above, we affirm the trial court’s judgment granting the defendants’ peremptory exception of no cause of action and dismissing the plaintiffs’ claims with prejudice.

AFFIRMED.

GOTHARD, J., concurs,